IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

TIFFANY SHANAYE WILLIAMS                                      PLAINTIFF
ADC #709211

V.                          Case No. 3:25-CV-00077-KGB-BBM

PATRICK PRESLEY, Corporal,
McPherson Unit                                               DEFENDANT

## ORDER

### I.    INTRODUCTION

On April 14, 2025, Plaintiff Tiffany Shanaye Williams ("Williams"), an inmate incarcerated in the McPherson Unit of the Arkansas Division of Correction ("ADC"), filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. (Doc 2). Williams alleges that Defendant Corporal Patrick Presley ("Corporal Presley") violated her constitutional rights. *Id*. at 1, 5–7. Before Williams may proceed with this action, the Court must screen her claims in accordance with the Prison Litigation Reform Act ("PLRA").[1] 28 U.S.C. § 1915A(a).

### II.    ALLEGATIONS

According to Williams, on February 22, 2025, she got into an altercation with her cellmate, Rakaiya Walker ("Walker"), while no guards were present. (Doc. 2 at 5). When Corporal Presley finally arrived, Williams told him what happened. *Id.* at 6. Williams

---

[1] The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

expected that Corporal Presley would: (1) make her and Walker pack their things and move to segregation; and (2) call a "code." *Id.* Corporal Presley told Williams to pack her things but did not call a code. *Id.*

As Williams was packing, Walker threw a razor in Williams's trunk. (Doc. 2 at 6). Some inmates told Corporal Presley, and Corporal Presley was forced to fish the razor out of Williams's trunk with a broom. *Id.* Corporal Presley still did not call a code. *Id.*

Inmates nearby told Walker that the punishment for her actions was "a year no class." (Doc. 2 at 6). So, in front of Corporal Presley, Walker said to Williams, "Bitch when he leaves up out of her [I']m going to fuck you up." *Id.* Corporal Presley still did not call a code and left without separating Williams and Walker. *Id.*

As soon as Corporal Presley left, Walker ran at Williams and tried to kick her in the stomach. (Doc. 2 at 6). Williams yelled for Corporal Presley and begged Walker to leave her alone. *Id.* Walker punched Williams in the face, grabbed her by her hair, and rammed her head into the wall four times. *Id.*

When the attacked ended, Williams was crying and had a large chunk of her own hair in her hand. (Doc. 2 at 7). She approached Corporal Presley and asked why he did not come when she called and why he did not remove Walker from the cell. *Id.* Corporal Presley finally call a code, and the two inmates were separated. *Id.*

As a result of the incident, Williams has "two very loose front teeth...very bad headaches," and chucks of hair missing from her head. (Doc. 2 at 7). Moreover, because she was involved in *two* fights with Walker on the same day, she received two disciplinaries instead of one. *Id.*

Williams sues Corporal Presley in his official capacity only. (Doc. 2 at 2). She seeks monetary damages. *Id*. at 8.

## III.   INITIAL SCREENING

To survive pre-service screening under the PLRA, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Id*. Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). However, "[a] pro se complaint must be liberally construed," and courts "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (cleaned up; citations omitted); *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (citation omitted).

Liberally construing Williams's Complaint, she raises an Eighth Amendment failure-to-protect claim against Corporal Presley. However, there are some deficiencies in her Complaint—namely, the capacity in which she sues Corporal Presley.

Williams sues Corporal Presley in his official capacity *only*. (Doc. 2 at 2). To plead a claim against Corporal Presley in his official capacity, Williams must allege facts showing that the purported constitutional violation was the result of an official ADC policy, an unofficial custom, or a failure to train. *Atkinson v. City of Mountain View, Mo.*, 709 F.3d

3

1201, 1214 (8th Cir. 2013). Williams makes no such allegations. Therefore, she has failed to provide sufficient facts to state a plausible official-capacity claim.

Moreover, a suit against Corporal Presley in his official capacity is equivalent to a suit against the State of Arkansas. *Glasgow v. Nebraska*, 819 F.3d 436, 441 n.5 (8th Cir. 2016). Williams may not seek monetary damages against the State. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997), *abrogated on other grounds by S.A.A. v. Geisler*, 127 F.4th 1133 (8th Cir. 2025).

## IV.    OPPORTUNITY TO AMEND

The Court will allow Williams thirty (30) days from the date of this Order to file an amended complaint to correct the deficiencies in her current pleading. Williams is placed on notice that, if she files an amended complaint, that pleading will supersede her previous Complaint. *See In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). Accordingly, her amended complaint should contain *all Defendants* she seeks to name in this matter, *all claims* she seeks to pursue in this action, and *the factual predicate* for all claims against all Defendants. If Williams seeks to maintain her official capacity claim against Corporal Presley, she must state her basis for doing so. If Williams elects not to file an amended complaint, the Court will proceed to screen her Complaint, (Doc. 2).

## V.    CONCLUSION

IT IS THEREFORE ORDERED THAT:

1.    The Clerk is directed to mail Williams a § 1983 complaint form that is labeled "Amended Complaint."

2.      Williams will be allowed to file, **within thirty (30) days of the date of this Order**, an Amended Complaint containing the facts necessary to support her claims. If she elects not to file a timely Amended Complaint, the Court will screen her original Complaint (Doc. 2).

SO ORDERED this 22nd day of April, 2025.

_____
UNITED STATES MAGISTRATE JUDGE